United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHANA STURM,

    Plaintiff,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION (USAA), USAA LIFE INSURANCE COMPANY, NEW YORK LIFE INSURANCE COMPANY, AARP, AARP SERVICES, INC., TRUSTEE OF THE AARP LIFE INSURANCE TRUST, and DOES 1–100, inclusive,

    Defendants.

                                        /

No. C 12-01810 WHA

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND, DENYING PLAINTIFF'S REQUEST FOR SANCTIONS AND VACATING HEARING**

**INTRODUCTION**

In this life insurance benefits action, plaintiff moves to remand to the Alameda County Superior Court. For the reasons stated below, plaintiff's motion to remand is **GRANTED**. Plaintiff's request for sanctions is **DENIED**. Because the Court lacks subject-matter jurisdiction over this action, defendants' motion to sever and dismiss need not be decided. The motion hearing scheduled for June 21 is **VACATED**.

**STATEMENT**

Plaintiff is Shana Sturm, a resident of Alameda County. Defendants are United Services Automobile Association ("USAA"), United Services Automobile Association Life Insurance Company ("USAA Life"), New York Life Insurance Company ("NYL"), AARP, AARP

1  Services, Inc., and trustee of the AARP Life Insurance Trust.  USAA is a reciprocal
2  interinsurance exchange organized under the laws of Texas; USAA Life is a Texas corporation;
3  NYL is a New York mutual insurance company; AARP is a District of Columbia not-for-profit
4  corporation; AARP Services, Inc. is a Delaware not-for-profit corporation; and the trustee of
5  the AARP Life Insurance Trust is a citizen and resident of the District of Columbia (Notice of
6  Removal 3).  The complaint alleges plaintiff resides in Alameda County and USAA has
7  members in Alameda, but does not allege the citizenship of the other defendants (First Amd.
8  Compl. ¶¶ 1–2).

9  Plaintiff brought this action as a result of defendants' failure to pay life insurance
10 benefits.  Plaintiff's husband, Ira Fabricant, purchased life insurance policies in the amounts
11 of $350,000 from USAA Life and $50,000 from AARP.  In early 2011, Mr. Fabricant died and
12 plaintiff made claims under both policies.  Both insurers denied the claims based on alleged
13 material representations of Mr. Fabricant's medical history made in his applications (First Amd.
14 Compl. ¶¶ 19–22, Sturm Decl. ¶ 10).

15 The complaint alleges two claims against all defendants:  (1) breach of contract and
16 (2) breach of the covenant of good faith and fair dealing.  Plaintiff's complaint was filed in the
17 Alameda County Superior Court in February 2012, and a first amended complaint was filed in
18 April 2012.  Plaintiff has stipulated that she will limit claims against NYL and AARP to $74,000
19 exclusive of interest and costs (Notice of Removal 208–09).

20 In April 2011, defendants USAA and USAA Life removed this action to federal court
21 pursuant to 28 U.S.C. 1332 and 1441.  In the notice of removal, USAA and USAA Life argue
22 that USAA was fraudulently joined and the NYL and AARP defendants were procedurally
23 misjoined in order to defeat diversity.  In May 2012, plaintiff, who is represented by counsel,
24 filed a motion to remand pursuant to 28 U.S.C. 1447(c) for lack of complete diversity and a
25 request for $11,000 in attorney's fees incurred on the motion to remand.  USAA and USAA Life
26 oppose the motion to remand for largely the same reasons stated in their removal.  NYL and
27 AARP oppose the motion to remand to the extent that it asserts the claims against NYL and
28 AARP were properly joined with claims against USAA and USAA Life (Opp. 2).  USAA and

2

USAA Life filed a motion to sever the claims against the NYL and AARP defendants and dismiss USAA from the action, in which NYL and AARP joined (Dkt. Nos. 17, 26). The hearing dates for the motion to remand and motion to sever and dismiss were consolidated.

## ANALYSIS

### 1.  LEGAL STANDARD.

A federal court must remand a case to state court for lack of subject-matter jurisdiction. 28 U.S.C. 1447(c). The strong presumption against removal jurisdiction means that the defendants here must bear the burden of showing diversity jurisdiction under 28 U.S.C. 1332(a) existed when the complaint was filed. *See* 28 U.S.C. 1441(a). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 966 (9th Cir. 1992) (citations omitted).

If defendants establish fraudulent joinder, the citizenship of fraudulently joined parties will not defeat diversity. To prove fraudulent joinder, a defendant must show that "the plaintiff fail[ed] to state a cause of action against a resident defendant, and the failure is obvious according to settled rules of the state." *McCabe v. Gen. Foods. Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (citation omitted).

This order concludes that defendants have not met their burden to prove fraudulent joinder of USAA because they have not foreclosed the possibility that plaintiff may establish a cause of action against USAA under state law based on alter-ego or joint-venture theories of liability. This order assumes, without deciding, that our court of appeals would accept the doctrine of procedural misjoinder, but nevertheless finds it inapplicable to the joinder of NYL and AARP because joinder is not so egregious as to constitute fraud. These issues will be discussed in turn below.

### 2.  FRAUDULENT JOINDER.

The removing party bears the burden of establishing fraudulent joinder and "is entitled to present the facts showing the joinder to be fraudulent." *Ibid.* There is a general presumption against fraudulent joinder, such that the removing party must negate every possible scenario within the ambit of a well-pled claim. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319–20

3

(9th Cir. 1998) (to prove fraudulent joinder, a defendant must "show that the individuals joined in the action cannot be liable on *any* theory") (emphasis added). The well-pled allegations of a complaint, although unsworn, must be liberally construed and presumed correct unless and until the removing party demonstrates with proof that all factual scenarios within the ambit of the claim are shams. *See Chicago, Rock Island & Pacific Ry. Co. v. Whiteaker*, 239 U.S. 421, 425 (1915) ("[M]erely to traverse" the plaintiff's allegations by declarations will not suffice; defendants' showing must "compel[]" the conclusion of fraudulent joinder).

As an unincorporated association, USAA is a citizen of all states where its members reside, which includes California. USAA's presence as a defendant destroys complete diversity. Plaintiff argues that USAA is a properly-joined defendant and is liable under the "single enterprise" or "alter ego" doctrine, as well as on a "joint venture" theory. USAA and USAA Life argue, however, that USAA is fraudulently joined and its citizenship should be disregarded for purposes of determining diversity because no viable claim may be stated against it. They assert USAA cannot be liable because: (1) USAA had no involvement with the life insurance policy at issue; (2) USAA Life is not USAA's alter ego; (3) USAA and USAA Life are not joint venturers; and (4) the plaintiff fails to establish that USAA and USAA Life are not separate entities.

### A. USAA's Involvement.

USAA and USAA Life contend that USAA was not involved in the underwriting, issuance, or rescission of Mr. Fabricant's life insurance policy (Opp. 7–8). USAA Life has its own underwriting and claims departments, and USAA was not a party to the contract at issue (*ibid.*). Plaintiff argues that USAA should be held liable for breach of contract and breach of the implied covenant of good faith and fair dealing under an "alter ego" or "single enterprise" theory as well as a "joint venture" theory. This order concludes that because of the extent to which USAA controls and operates jointly with USAA Life, plaintiff may state a claim under state law that the enterprise as a whole should be liable for plaintiff's claims, despite USAA not being named on the policy document. The alter-ego and joint-venture theories are discussed separately in the following sections.

4

### B.     Alter Ego and/or Single Enterprise.

Plaintiff alleges an "alter ego" and/or "single enterprise" theory of liability.[1] Because defendants have not conclusively proved that plaintiff cannot state a claim against USAA under the alter-ego theory, there is no fraudulent joinder.

California law applies a two-part test for alter-ego liability:

> First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist. Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone.

*Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538 (2000) (citation omitted). Factors relevant to the first step are:

> commingling of funds and other assets of the two entities, the holding out by one entity that it is liable for the debts of the other, identical equitable ownership in the two entities, use of the same offices and employees, and use of one as a mere shell or conduit for the affairs of the other.
>
> *     *     *
>
> Other factors . . . include inadequate capitalization, disregard of corporate formalities, lack of segregation of corporate records, and identical directors and officers.

*Id.* at 538–39 (citations omitted). Not all factors are required, and no single factor is determinative. *Ibid.* According to the second step, the doctrine applies "where some conduct amounting to bad faith makes it inequitable . . . for the equitable owner of a corporation to hide behind its corporate veil" *id.* at 539.

USAA and USAA Life contend that plaintiff cannot establish that USAA's corporate structure should be disregarded, and that plaintiff's primary cases, *Troyk v. Farmers Group, Inc.*, 171 Cal. App. 4th 1305 (2009), and *Tran v. Farmers Group, Inc.*, 104 Cal. App. 4th 1202 (2002), are inapplicable because they are limited to the unique situation of attorney-in-fact relationships. The inquiry into the factors quoted above is necessarily fact-specific, therefore,

---

[1] "Alter ego" generally applies to parent-subsidiary relationships and "single enterprise" applies to sister companies. Plaintiff uses both terms, but because plaintiff alleges that USAA Life is fully owned by USAA, this order will refer to the "alter ego" doctrine.

despite some factual dissimilarities, *Troyk* and *Tran*, as discussed below, are applicable at least to the extent that they guide the analysis under the state-law framework.

As to the first step of the test, although defendants offer declarations asserting USAA and USAA Life are separate entities, plaintiff offers conflicting declarations and allegations.[2] For example, plaintiff's complaint alleges: USAA Life does not have its own employees, instead, USAA employs personnel and pays pensions, benefits, and other expenses; the day to day operations of USAA's companies are controlled by an executive council, including four of five USAA Life Directors/Trustees; USAA pays for and provides office space, utilities, and other operational services for USAA Life; and USAA and USAA Life file consolidated tax returns and use the same USAA bank for all accounts (which are co-mingled among companies) (First Amd. Compl. ¶¶ 6–11).[3]

The burden is not on the plaintiff to show that defendants' characterization of its corporate structure is inaccurate, but on the defendants to foreclose any possibility that plaintiff may prove her claim. Viewing the factual allegations and evidence in the light most favorable

---

[2] Plaintiff seeks to present her declaration asserting USAA Life held itself out as USAA. Defendants object on ground that plaintiff's personal perception of USAA and USAA Life is hearsay because her husband purchased the policy at issue (Opp. 14). To the extent plaintiff's declaration alleges facts of her personal experiences with defendants, including purchasing her own insurance, defendants' objection is **OVERRULED**.

Defendants seek to present declarations by USAA Life personnel (Kristin J. Kuhn and Monica Murray) as evidence of the separate nature of USAA and USAA Life's corporate structures and operations. Plaintiff objects to several "conclusionary statements and legal conclusions . . . on those grounds and because they lack foundation, and involve hearsay"(Mot. 15). Because each declaration states: (1) the nature of declarant's position in the organization; (2) that as an employee, declarant has personal knowledge of the facts set forth; and (3) that the declaration is made under penalty of perjury; plaintiff's objections are **OVERRULED**.

[3] In support of these allegations, plaintiff seeks to present the Mannion declaration and five exhibits consisting of pages printed from www.usaa.com, reports from the California Department of Insurance website and the National Association of Insurance Commissioners website and a letter sent to Ms. Belke. Defendants raise various objections (Opp. 15 n.4). This order need not rule on these objections, because the well-pled allegations of the complaint are sufficient to show plaintiff may make out a state-law claim. Furthermore, defendants do not show it is impossible for plaintiff to authenticate the exhibits in order to remedy these defects.

Defendants object to the Sturm and Mannion declarations because they were sworn under the laws of the State of California rather than the United States of America (*id.*). Plaintiff counters that the defendants' declarations are incompetent because they erroneously used the phrasing for declarations executed outside the United States (Reply Br. 6–7). This splitting hairs is unnecessary. The statute indicates declarations must be "in *substantially* the following form," 28 U.S.C. 1746 (emphasis added). These slight deviations from the statutory form do not invalidate the declarations. Plaintiff's and defendants' objections are **OVERRULED**.

6

1  to the plaintiff, this order concludes that it is possible plaintiff can meet the first step of the
2  alter-ego test.

3  Under the second step of the test, plaintiff claims it would be inequitable, unfair
4  and unjust to treat USAA separately, but fails to adequately support this conclusion (*id.* ¶ 12).
5  Plaintiff relies on *Troyk* and *Tran* to argue that when multiple insurance companies operate as
6  a single enterprise, they should be subject to alter-ego liability (Mot. 14–15).  However, in *Tran*,
7  the plaintiff offered evidence of specific conduct of the parent company that led to an inequitable
8  result.  *Tran*, 104 Cal. App. 4th at 1219.  Here, plaintiff does not point to specific conduct.
9  Plaintiff needs to allege more than the general manner in which USAA and USAA Life do
10 business, but rather, how their conduct affected plaintiff's transaction.  *See Plumbers & Fitters,*
11 *Local 761 v. Matt J. Zaich Const. Co.*, 418 F.2d 1054, 1058 (9th Cir. 1969).  Still, the evidence
12 offered by defendants does not preclude the possibility that plaintiff could allege facts satisfying
13 the second step of the alter-ego test if offered an opportunity to amend; therefore, plaintiff may
14 be able to successfully assert a claim against USAA.  Due to the strong presumption against
15 removal, remand is required.

16 **C.    Joint Venture.**

17 Plaintiff alleges a joint-venture theory as a second ground for USAA's liability as a
18 properly-joined defendant.  The joint-venture theory allows each joint venturer to be held liable
19 in tort and contract.  "There are three basic elements of a joint venture:  the members must have
20 joint control over the venture (even though they may delegate it), they must share the profits
21 of the undertaking, and the members must each have an ownership interest in the enterprise."
22 *Jeld-Wen, Inc. v. Superior Court*, 131 Cal. App. 4th 853, 872 (2005).

23 USAA and USAA Life argue that plaintiff's allegations merely repeat the alter-ego
24 argument under a new heading, describing USAA as controlling USAA Life, not as having joint
25 control and ownership interest (Opp. 14).  Many of plaintiff's arguments are reiterated from the
26 alter-ego discussion and are more relevant to the issue of whether USAA controlled USAA Life.
27 Nevertheless, plaintiff alleges several facts that could support finding defendants were a joint
28 venture:  they "present themselves as one business able to write insurance of various types," they

7

1   "market themselves as a strong financially secure, unified business," their bank accounts are
2   co-mingled, and they are run by the same executive council (First Amd. Compl. ¶¶ 7–8, 11).
3       Defendants do not sufficiently address these facts to show that the plaintiff cannot state
4   a claim under the joint-venture theory.  Again, the question is not whether plaintiff has proved
5   or will succeed on the claim, but whether there is any possibility it can make out such a claim.
6   The plaintiff's alter-ego and joint-venture theories appear to conflict to the extent that the
7   alter-ego theory alleges ownership and domination of USAA Life by USAA, and the
8   joint-venture theory alleges joint control and ownership interest; plaintiff should not use the
9   same evidence to argue contradictory positions.  Nonetheless, the test for fraudulent joinder
10  is simply whether the plaintiff has failed to state at least one cause of action under state law
11  against the allegedly fraudulently-joined defendant, not whether multiple causes of action are
12  consistent.

### D.   Separate Entities.

14  Defendants USAA and USAA Life argue that plaintiff fails to establish USAA and
15  USAA Life are not separate entities, but again they misconstrue the burden of proof.  The issue
16  is not whether plaintiff has alleged sufficient facts to "establish USAA's corporate structure
17  should be disregarded" or "establish USAA and USAA are not separate entities," but whether it
18  is *possible* for plaintiff to allege such facts and succeed on such claims.  Our court of appeals, in
19  an unpublished opinion, emphasized the importance of leave to amend, and the role of the state
20  court in deciding whether the connection among defendants justifies joinder:

> Given California's liberal rules on amendment of pleadings, it is
> very possible that the state court would have granted plaintiffs
> leave to amend their complaint, allowing them to address the
> deficiencies the defendant manufacturers assert.
>
> \*          \*          \*
>
> Especially considering that 28 U.S.C. § 1441 is "strictly construed
> against removal," the state court, not the federal court, should
> decide whether there is a sufficient nexus between [defendants]
> RCI and California to support a state court claim.

27  *Cal. Dump Truck Owners Ass'n v. Cummins Engine Co., Inc.*, 24 F. App'x 727, 729–30 (9th Cir.
28  2001).  Here, while plaintiff's allegations may fall short of proving its alter-ego and joint-venture

8

theories, it is not "obvious" that plaintiff fails to state a claim against USAA, nor is it clear that it would be unable to do so if afforded leave to amend. Evaluating all of the factual allegations in the light most favorable to plaintiff, this order concludes that defendants have not shown there is absolutely no possibility plaintiff cannot state a claim against USAA, therefore, there is no fraudulent joinder, and USAA's citizenship destroys diversity.

### 3. PROCEDURAL MISJOINDER.

Lastly, USAA and USAA Life encourage application of the doctrine of procedural misjoinder and argue that because NYL and AARP are misjoined defendants, claims against them should be disregarded when deciding removal. Our court of appeals has not adopted the doctrine, and as discussed below, this order need not reach the issue because procedural misjoinder is inapplicable to the facts of the instant action.

The Eleventh Circuit established the rule of procedural misjoinder in *Tapscott v. MS Dealer Serv. Corp.* 77 F.3d 1353 (11th Cir. 1996). The case involved two separate class actions related to sales of service contracts: one concerned automobiles and the other concerned retail products. *Id.* at 1355. The court held that procedural misjoinder applies "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant" *id.* at 1360. However, the court required more than "mere misjoinder" and stated that the attempted joinder was "so egregious" that it was fraudulent. *Ibid.*

In an unpublished opinion, our court of appeals stated that "[f]or purposes of discussion we will assume, without deciding, that this circuit would accept the doctrines of fraudulent and egregious joinder as applied to plaintiffs" but decided nonetheless that the defendants failed to prove joinder was egregious. *Cal. Dump Truck Owners Ass'n v. Cummins Engine Co., Inc.*, 24 F. App'x 727, 729–30 (9th Cir. 2001). This order adopts the same approach and reaches a similar conclusion.

Even assuming arguendo that this Court were to adopt *Tapscott*, the instant action is readily distinguishable. Here, there is one plaintiff asserting claims against all defendants.

9

1    In contrast, *Tapscott* involved two sets of unrelated plaintiffs who brought claims against
2    two sets of unrelated defendants, where the claims were "wholly distinct" and the only similarity
3    was that both sets of claims arose under the same Alabama statute prohibiting fraudulent
4    business practices. *Id.* at 1360.

5    Here, defendants argue that plaintiff's claims are entirely unrelated and fail to meet the
6    FRCP 20 and California Rule of Civil Procedure Section 379 requirements that the liability of
7    the defendants must be asserted "jointly, severally or in the alternative with respect to or arising
8    out of the same transaction, occurrence, or series of transactions or occurrences" (Opp. 16–18).
9    Not so. Plaintiff alleges multiple factors connecting the claims, such as overlapping damages,
10   the proximity in time of the applications and denials, the claims both arising from Mr.
11   Fabricant's death, and the alleged denials based on the same medical condition (Reply Br. 1–2,
12   Mot. 22–23). Plaintiff argues the claims against each defendant will rely on the same evidence
13   and testimony as to Mr. Fabricant's alleged misrepresentations, it would be unreasonable to
14   separate the actions. In addition, plaintiff's counsel declares that he could amend the complaint
15   "to allege that the defendants caused damages concurrently, and/or successively, and/or in the
16   alternative" (Mannion Reply Decl. ¶ 3). Although the complaint states that defendants'
17   liabilities are "separate and distinct" and "[t]hey have different contractual obligations and
18   different duties and liabilities that flow from those contracts" (First Amd. Compl. ¶ 18), this does
19   not preclude damages being concurrent, successive, or alternative — joinder of parties may still
20   be required in order to properly apportion damages.

21   Defendants also argue that plaintiff's conduct meets the threshold for "egregious" joinder
22   (Opp. 20). The joinder is allegedly prejudicial to USAA Life because it allows plaintiff to
23   "gam[e] the system" and deny USAA Life's right to removal, by using the lower amount in
24   controversy of the NYL and AARP claims to destroy diversity (*id.* 19). Stipulating to limit
25   recovery to $74,000 from the NYL and AARP defendants does not rise to the requisite level
26   of egregiousness. Because the federal courts are courts of limited jurisdiction and the plaintiff
27   is "master of her complaint, . . . subject to a 'good faith' requirement in pleading, a plaintiff may
28   sue for less than the amount she may be entitled to if she wishes to avoid federal jurisdiction and

10

1  remain in state court" *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007).
2  Defendants do not offer evidence of bad faith; their conclusion that the damages stipulation is
3  "an obvious attempt to thwart diversity jurisdiction" is insufficient.

4  Furthermore, *Tapscott* is distinguishable because there was no threat of an "empty chair"
5  defense. The defendants in *Tapscott* were defending against separate classes of plaintiffs with
6  no overlapping liability. Here, there is at least a possibility that liability overlaps, and it is
7  therefore not "egregious" for plaintiff to bring these claims together. *Tapscott* is inapplicable
8  to these facts.

9  Plaintiff raises a new argument in the reply brief, namely that the NYL and AARP
10 defendants waived the right to raise the question of misjoinder because they did not assert it
11 in either the answer or a demurrer. Because USAA and USAA Life argued improper joinder
12 of NYL and AARP in the answer and notice of removal, they did not waive the right to this
13 question, so this order need not rely on NYL and AARP's opposition brief to decide the issue
14 of misjoinder (*See* Ans. 4).

15 Even were this order to find NYL and AARP are misjoined defendants and should be
16 severed from USAA and USAA Life, remand would nevertheless be required. As discussed,
17 USAA and USAA Life are properly joined — because viewing the facts in the light most
18 favorable to the plaintiff and with the presumption against removal, plaintiff pleads claims
19 against both defendants — and since USAA is a resident of California, complete diversity does
20 not exist and the action must be remanded.

21    **4.   REQUEST FOR SANCTIONS**

22 Plaintiff requests $11,000 sanctions for attorney's fees pursuant to 28 U.S.C. 1447(c),
23 which provides that "[a]n order remanding the case may require payment of just costs and any
24 actual expenses, including attorneys' fees, incurred as a result of removal." "Absent unusual
25 circumstances, courts may award attorney's fees under § 1447(c) only where the removing party
26 lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*,
27 546 U.S. 132, 141 (2005). Since the law regarding procedural misjoinder has not been fully
28 settled by our court of appeals, defendants had a colorable basis for asserting that removal was

11

proper. Because there are no unusual circumstances to justify departure from the rule, plaintiff's request for sanctions is **DENIED**.

## CONCLUSION

For the foregoing reasons, this order finds that USAA and USAA Life's removal was improper for lack of complete diversity. Accordingly, plaintiff's motion to remand is **GRANTED**. Plaintiff's request for sanctions is **DENIED**. Because the Court lacks subject-matter jurisdiction over this action, defendants' motion to sever and dismiss need not be decided. The hearing scheduled for June 21 is **VACATED**.

**IT IS SO ORDERED.**

Dated: June 12, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE